JUSTIN WHATCOTT, ID STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
**ELLIOT B. WERTHEIM, NY STATE BAR NO. 5312509**
**ASSISTANT UNITED STATES ATTORNEY**
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, ID 83702
TELEPHONE: (208) 334-1211
EMAIL: Elliot.Wertheim@usdoj.gov

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Petitioner,<br><br>v.<br><br>ANGELLA JULIUS<br><br>    Respondent. | Case No.<br><br>**PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND NO. 030-24** |

The United States of America seeks to enforce the provision of the False Claims Act (FCA), 31 U.S.C. § 3729-3733 et seq., that authorizes the United States to obtain information relevant to a false claims law investigation via the issuance of a Civil Investigative Demand. (CID) *See Id*. *at* § 3733(a)(1). The United States served CID 030-24 on Angella Julius on October 24, 2024. The CID requires Julius to sit for an oral examination under oath. The United States may issue a CID and require testimony under oath where it has reason to believe that the Civil Investigative Demand recipient has information relevant to the United States' FCA investigation. *Id*.

### BACKGROUND

Angella Julius (Julius), of Pasadena, Maryland, was a controller at Sanford Federal, Inc.

**PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 030-24**- 1

(Sanford) in 2022. The United States has an ongoing FCA investigation into the conduct of Sanford and its principal, Joseph Mandour. Sanford is a government contractor that regularly submits claims for payment to the United States. Sanford contracts with a wide variety of United States government agencies, including, but limited to, the United Stated Department of Veteran Affairs, the United States Air Force, the United States Army, the United States Department of Defense, and the United States Department of Commerce.

### A. Issuance and Service of Civil Investigative Demand 030-24

On October 9, 2024, the United States Attorney's Office for the District of Idaho Issued Civil Investigative Demand (CID) No. 030-24 pursuant to the FCA. *See* **Exhibit A: Civil (Investigative Demand issued to Angella Julius).** On October 24, 2024, the United States served CID 030-24 on Julius. **Exhibit B: (Verification of Service).**

CID 030-24 required Julius to give oral testimony under oath, and compelled her attendance at the oral examination because the United States determined it was necessary to the conduct of the False Claims Act investigation described in CID 030-24. *See* Exhibit A at 1. As stated in CID 030-24, the United States is seeking information from Julius in the course of an FCA investigation concerning allegations that Sanford and other affiliated entities submitted fraudulent claims to the United States Department of Veteran Affairs and other governmental agencies. *Id.* The CID informed Julius of the primary areas of inquiry for her testimony: "(a) your employment with Sanford; (b) your employment with any business owned or operated by Joseph Mandour; (c) your knowledge of the operations of Sanford and affiliated businesses; and (d) your knowledge of the accounting practices of Sanford and affiliated businesses." *Id.*

### B. Julius Failed to Appear for Her Testimony

After the United States served Julius on October 24, 2024, Julius did not contact the

**PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 030-24**- 2

United States to reschedule her testimony. Nor did she appear for her scheduled testimony on November 4, 2024. On November 22, 2024, the United States sent a letter via certified mail to Julius at her home address in Pasadena, Maryland. *See* **Exhibit C (Letter to Angella Julius).** This was the same Pasadena address where Special Agent Lachey Ross of the Department of Veterans Affairs, Office of Inspector General, served Julius with the CID on October 24, 2024.[1]

The November 22, 2024 letter requested that Julius immediately contact AUSA Elliot Wertheim. *Id.* The letter indicated that if Julius (or her legal counsel) did not contact AUSA Wertheim, the United States would file a petition to enforce the CID in the District of Maryland. *Id.* The United States Postal Service attempted delivery of this letter on November 27, 2024 – notice was left at the Pasadena address. **Exhibit D – (USPS Tracking Information).** A reminder was issued concerning redelivery of the mailing on December 2, 2024. *Id.* The letter was still unclaimed as of December 17, 2024 – the letter was subsequently returned to the United States Attorney's Office in the District of Idaho. *Id.*

Julius did not request, nor did the United States provide, a modification to the Civil Investigative Demand. Under the FCA, the deadline for Julius to petition to modify or set aside CID 030-24 has expired. *See* 31 U.S.C. § 3733(j)(2)(A).

## ARGUMENT

I.   **The Standard for CID Enforcement under the FCA**

The FCA "is the government's primary litigation tool for recovering losses sustained as the result of fraud." *United States ex rel. Marcy v. Rowan Cos*., 520 F. 3d 384, 388 (5th Cir.

---

[1] Special Agent Ross made prior efforts to contact Julius. On October 4, 2024, Special Agent Ross attempted to interview Julius at her residence in Pasadena, Maryland. Julius' husband indicated that Julius was sick and that October 8, 2024, would be a better date for a conversation with Julius. On October 8, 2024, Special Agent Ross returned to Julius' Pasadena residence. Julius did not answer the door, but did speak with Special Agent Ross over the phone. Julius alerted Ross that she wanted to acquire legal representation and did not want to speak with Special Agent Ross due to the circumstances of her previous employment.

**PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 030-24**- 3

2008) (citing *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989)). Under the FCA, a CID may be issued to "any person" "[w]henever the Attorney General, or a designee . . ., has reason to believe that [the] person may be in possession, custody, or control, of any documentary material or information relevant to a false claims law investigation . . . ." 31 U.S.C. § 3733(a)(1). The FCA empowers the Department of Justice (DOJ) to issue a CID "before commencing a civil proceeding under [FCA] section 3730(a) or other false claims law, or making an election under [FCA] section 3730(b)." *Id*. By providing the statutory authority for CIDs under the FCA, Congress sought to enable DOJ "to determine whether enough evidence exist[s] to warrant the expense of filing [a civil] suit, as well as to prevent the potential Defendant from being dragged into court unnecessarily." *United States v. Witmer*, 835 F. Supp. 208, 211 (M.D. Pa. 1993) (quoting H.R. Rep. 660, 99th Cong., 2d Sess. 26 (1986)).

A CID issued by DOJ under the FCA is an administrative subpoena, and the standard for enforcing an administrative subpoena applies to enforcing a CID. See *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). While the United States' "authority to request records and undertake other investigatory functions is extremely broad," *Santa Fe Energy Prods. Co. v. McCutcheon*, 90 F.3d 409, 414 (10th Cir. 1996) (citing U*nited States v. Morton Salt Co*., 338 U.S. 632, 642-43 (1950)), a "district court's role in enforcing administrative subpoenas is 'sharply limited.'" *EEOC v. Randstad*, 685 F.3d 433, 442 (4th Cir. 2012) (quoting *EEOC v. City of Norfolk Police Dep't*, 45 F.3d 80, 82 (4th Cir. 1995)); *accord NLRB v. Carolina Food Processors, Inc*., 81 F.3d 507, 510 (4th Cir. 1996) (noting "very limited" nature of review of administrative subpoenas).

"The requirements for enforcing an administrative subpoena 'are not onerous.'" *RSM, Inc. v. Buckles*, 254 F.3d 61, 69 (4th Cir. 2001) (quoting *United States v. Sturm, Ruger & Co.*, 84

F.3d 1, 4 (1st Cir. 1996)). "The Supreme Court set forth the requirements for enforcing an administrative subpoena" in *United States v. Morton Salt Co.*, 338 U.S. 632 (1950). *Reich v. Nat'l Eng'g Contr. Co.*, 13 F.3d 93, 99 n.4 (4th Cir. 1993). In *Morton Salt*, the Supreme Court held that the administrative demand should be enforced if "the inquiry [was] within the authority of the agency, the demand [was] not too indefinite and the information sought [was] reasonably relevant." 338 U.S. at 652; *accord United States v. Powell*, 379 U.S. 48, 57–58 (1964) (enforcing administrative subpoena issued by IRS); *Randstad*, 685 F.3d at 442 (enforcing administrative subpoena issued by EEOC); *United States v. Picetti*, No. 2:19-cv-49, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019) (enforcing CID issued under FCA). Once the United States has advanced ""an 'arguable' basis for jurisdiction"—such that jurisdiction is "not 'plainly lacking,'" then "the subpoena should not be enforced, unless the party being investigated demonstrates that the subpoena is unduly burdensome." *Randstad*, 685 F.3d at 442 (quoting *City of Norfolk*, 45 F.3d at 85, and *EEOC v. Fed. Exp. Corp.*, 558 F.3d 842, 848 (9th Cir. 2009)); *accord EEOC v. Am. & Efird Mills*, *Inc.*, 964 F.2d 300, 303 (4th Cir. 1992).

## II.     CID 030-24 Must be Enforced Because the United States is Entitled to Julius' Oral Testimony

### a. DOJ Issued CID 23-20 Within Its FCA Authority

The FCA allows the Government to investigate "all fraudulent attempts to cause the Government to pay out sums of money." *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). Here, among other things, DOJ seeks to ascertain whether Sanford knowingly caused the submission of claims to federal agencies that were false or fraudulent, and, in violation of the FCA. *See* Exhibit A. The FCA expressly authorizes DOJ to issue CIDs to investigate potential FCA violations. 31 U.S.C. § 3733(a)(1). The United States properly issued CID 030-24 in the course of an FCA investigation, and the CID complies with all requirements.

**PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 030-24**- 5

As the Fourth Circuit has explained, "when, as here, the agency is investigating charges plausibly within its delegated powers," the administrative subpoena must be enforced. *EEOC v. Maritime Autowash, Inc.*, 820 F.3d 662, 668 (4th Cir. 2016); *accord United States v. Am. Target Adv., Inc.*, 257 F.3d 348, 354 (4th Cir. 2001) (requiring only that "agency's assertion of authority is not 'obviously apocryphal'") (quoting *Sturm*, 84 F.3d at 5-6).

    b. *CID 030-24 Seeks Information Relevant to DOJ's FCA Investigation*

In the context of an administrative subpoena, "the Supreme Court has characterized the relevancy requirement as 'not especially constraining.'" *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 113 (4th Cir. 1997) (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1983)). Relevancy is determined "in terms of the investigation," rather than "in terms of evidentiary relevance." *Id.*; *accord United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012). When enforcing administrative subpoenas, relevancy is "generously construed" to allow the agency "virtually any material that might cast light on the allegations" under investigation. *Lockheed*, 116 F.3d at 113; *accord FTC v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977). "Courts defer to an agency's own appraisal of what is relevant 'so long as it is not obviously wrong.'" Lockheed, 116 F.3d at 113 (quoting Invention Submission, 965 F.2d at 1089. "[C]ourts must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." *EEOC v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1076 (9th Cir. 2001) (internal quotation marks omitted).

Here, CID 030-24 seeks oral testimony directly relevant to the United States' FCA investigation, including the operations and accounting practices of Sanford and its affiliates. Acquiring the information sought will allow the United States to evaluate whether Sanford caused false claims to be submitted to federal agencies and/or caused the use of false records or

**PETITION FOR SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMAND 030-24**- 6

statements in order to get a false claim approved by the Government. 31 U.S.C.§ 3729(a)(1) and 31 31 U.S.C.§ 3729(a)(2). In addition, Julius possesses first-hand knowledge of actions taken by other parties whose conduct may be at issue. *See In re Subpoena Duces Tecum*, 228 F.3d 341, 351 (4th Cir. 2000) (noting that "a primary purpose" of issuing a subpoena is 'ascertaining the extent of wrongdoing"). In the months since she received CID 030-24, Julius has not claimed the CID seeks irrelevant information.

    c. *CID 030-24 is Not Indefinite or Unduly Burdensome*

As the CID recipient, Julius bears the burden to show that CID 030-24 is indefinite or unduly burdensome. *See Golden Valley*, 689 F.3d at 1115; *Texaco*, 555 F.2d at 882; *EEOC v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016). Where the investigation "is authorized by law and the materials sought are relevant to the inquiry, that burden is not easily met." *SEC v. Brigadoon Scotch Distrib. Co.*, 480 F.2d 1047, 1056 (2d Cir. 1973).

CID 030-24 is not indefinite; the CID requests specific testimony relating to DOJ's investigation. Nor can Julius meet her high burden to show that providing oral testimony under oath, is unduly burdensome. "[T]he obligation for sitting for a deposition is not, in and of itself, burdensome." *Probulk Carriers Ltd. v. Marvel Int'l Mgmt. & Transp.*, 180 F. Supp. 3d 290, 293 (S.D.N.Y. 2016). Moreover, the United States sought to ease any burden to Julius by offering to schedule her testimony on an alternate date if she was unavailable on the scheduled date. See *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 649 (7th Cir. 1995) (noting government's efforts to mitigate burden of complying with subpoena weakens respondent's undue burden argument).

## CONCLUSION

It has been over three months since the United States served CID 030-24 on Julius. Julius' refusal to comply with CID 030-24 undermines the United States' "legitimate right" to ascertain whether Sanford and others acted "consistent with the law." *Morton Salt*, 338 U.S. at 652. The United States has an "important governmental interest in the expeditious investigation of possible unlawful activity," *Markwood*, 48 F.3d at 979, and Julius is not entitled to delay the United States' lawful investigation.

Pursuant to the FCA, the deadline for Julius to petition to modify or set aside the oral testimony in CID 030-24 was no later than the date of her testimony, November 4, 2024. *See* 31 U.S.C. § 3733(j)(2)(A). Julius neither complied with CID 030-24, nor petitioned to modify or set aside the CID. When Julius failed to comply with the CID deadline, she waived any arguments she could have raised to modify or set aside CID 030-24. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1632 (2015) (limiting equitable tolling to cases in which "a party has pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline"). Therefore, summary enforcement of CID 030-24 is appropriate.

For the above reasons, the United States respectfully requests that the Court (a) order Angella Julius to show cause as to why she should not be compelled to comply with CID 030-24; and (b) should Julius fail to show cause, order Julius to provide oral testimony under oath within fourteen (14) days of the issuance of such Order.

DATED: February 27, 2025.    JUSTIN WHATCOTT
ACTING UNITED STATES ATTORNEY
By:

*/s/ Elliot B. Wertheim*
Elliot B. Wertheim
Assistant United States Attorney